09-2624-ag
Weng v. Holder

BIA
DeFonzo, IJ
A095 716 343

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of July, two thousand ten.

PRESENT:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    DENNY CHIN,
        *Circuit Judges*.

_____

MIN WENG,
        *Petitioner*,

    v.                                    09-2624-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Christopher
                       C. Fuller, Senior Litigation
                       Counsel; Ann Carroll Varnon,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Min Weng, a native and citizen of the People's Republic of China, seeks review of a May 28, 2009, order of the BIA, affirming the September 5, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Weng*, No. A095 716 343 (B.I.A. May 28, 2009), *aff'g* No. A095 716 343 (Immig. Ct. N.Y. City Sept. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

As an initial matter, because Weng failed to challenge the quality of the transcript in her appeal to the BIA, and because the Government has raised this failure to exhaust in

its brief to this Court, we decline to consider this issue. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver"). Moreover, as the government has pointed out, because Weng withdrew her CAT claim during her proceedings before the IJ, and did not challenge the denial of CAT relief before the BIA, we deem her arguments regarding CAT relief abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007). Accordingly, the only claims addressed here are Weng's challenges to the denial of asylum and withholding of removal based on the IJ's adverse credibility determination.

Under the REAL ID Act, which applies to Weng's application for relief, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'").

Substantial evidence supports the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ found Weng not credible because: (1) she claimed at her airport interview that she was pregnant, but thereafter claimed at her credible fear interview and in her asylum application that she had been forced to undergo an abortion; (2) she failed to provide reasonably available corroborating evidence; (3) a letter from her boyfriend did not provide any details to corroborate her claim; and (4) her explanation regarding how she obtained her abortion certificate was implausible. We are not compelled to find error in any of these findings, or in the IJ's refusal to credit the explanations Weng offered. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because Weng was not otherwise credible, the IJ was not required to afford her further opportunities to explain before finding that the absence of letters from her family members rendered her unable to rehabilitate her questionable testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Moreover, the IJ reasonably accorded little evidentiary weight to both the letter from Weng's boyfriend and her abortion certificate, because the IJ also relied on

the facts that there was inconsistent testimony regarding the abortion certificate and the boyfriend's letter did not actually mention a forced abortion. *See id.* at 342; *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005) (holding that an IJ may not reject an asylum-seeker's document *solely* because the document was not authenticated pursuant to 8 C.F.R. § 287.6) (emphasis added).

Because Weng's statement at her airport interview, coupled with the discrepancies regarding her corroborating evidence, provides ample support for the IJ's adverse credibility determination, we need not reach the IJ's additional findings of inconsistencies within Weng's testimony and asylum application. Accordingly, the agency's denial of Weng's application for asylum and withholding of removal was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk